UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X    15 CV 4789 (PAE)

KEVIN JOHNSON,

                                                                                                               SECOND AMENDED
                                                                                                               COMPLAINT
        Plaintiff,                                          AND DEMAND FOR
                                                                                                                A JURY TRIAL

    -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE DETECTIVE JEROME BURNS,
SHIELD #7971 AND N.Y.C. POLICE
DETECTIVE MATTHEW WRIGHT,
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                              Defendants.

-----------------------------------------------------------X

      1.  This is an action for compensatory and punitive damages for violation of plaintiff's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of Bronx County, New York City in New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## **FACTS**

9. On or about August 30, 2013, at approximately 10:00 A.M., plaintiff was inside a McDonald's restaurant located at 362 W. 125th Street, in Manhattan, New York.

10. Minutes before, his friend Gilda Giscombe had handed him a $10 bill, as she had offered to lend him a few dollars. Plaintiff had just gotten change when he was grabbed by New York City Police DETECTIVE JEROME BURNS who proceeded to arrest him.

11. Plaintiff was falsely accused by DETECTIVE JEROME BURNS of possession of heroin, falsely claiming that he had seen Plaintiff drop the heroin to the ground.

12. Plaintiff was also falsely accused by DETECTIVE JEROME BURNS of possession of marijuana, falsely claiming that he had recovered marijuana from Plaintiff's pants pocket.

13. Plaintiff was also falsely charged with selling heroin, as DETECTIVE MATTHEW WRIGHT falsely claimed that he had observed Plaintiff give heroin to one Gloria Giscombe in exchange for money.

14. At no time, did Plaintiff ever give Gloria Giscombe any item whatsoever, so there is no way that the officer could even mistakenly think that Plaintiff had sold her drugs.

15. Plaintiff spent approximately 24 hours in custody before being release bhy the judge at arraignment.

16. After numerous court appearances, on July 17, 2014 all charges were dismissed as the People conceded that the statutory time period to prosecute had expired.

17. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police

3

officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

18. Defendant City knew or should have known prior to August 30, 2013 of the perpetration of unlawful arrests and other unlawful acts by the defendant, in that there were prior reports of such unlawful conduct by this specific officer.

19. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

20. On August 7, 2014, a Notice of Claim was served upon the Defendant New York City, setting forth:

    a)     The name and post office address of the Claimant and his attorney;
    b)     The nature of the claim;
    c)     The time when, the place where, and the manner in which the claim arose;
    d)     The items of damages and injuries sustained so far as practicable.

21. The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

22. Plaintiff's 50-H deposition was conducted on January 29 , 2015.

23. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

24. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

25. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FOR A FIRST CAUSE OF ACTION FOR
### VIOLATION OF CIVIL RIGHTS
### (FALSE ARREST)

26. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

27. As a result of their actions. Defendants JEROME BURNS and MATTHEW WRIGHT, each individually and collectively, and under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

28. As stated above, and repeated herein:

a) Plaintiff was falsely accused by DETECTIVE JEROME BURNS of possession of heroin, falsely claiming that he had seen Plaintiff drop the heroin to the ground;

b) Plaintiff was also falsely accused by DETECTIVE JEROME BURNS of possession of marijuana, falsely claiming that he had recovered marijuana from Plaintiff's pants pocket;

c) Plaintiff was also falsely charged with selling heroin, as DETECTIVE MATTHEW WRIGHT falsely claimed that he had observed Plaintiff give heroin to one Gloria Giscombe in exchange for money; and

d) At no time, did Plaintiff ever give Gloria Giscombe any item whatsoever, so there is no way that the officer could even mistakenly think that Plaintiff had sold her drugs

29.     Defendants JEROME BURNS and MATTHEW WRIGHT, individually and collectively, subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

30. As a direct and proximate result of the acts of Defendants JEROME BURNS and MATTHEW WRIGHT, individually and collectively, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION FOR
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION

31.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

32.     In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendants JEROME BURNS and MATTHEW WRIGHT, each individually and collectively, and acting within the scope of their employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

33.     Detective MATTHEW WRIGHT falsely claimed to Detective JEROME BURNS that he saw Plaintiff commit a drug sale.

34.     Detective JEROME BURNS falsely claimed that he saw Plaintiff in possession of heroin and marijuana.

35.     Upon information and belief, the two officers JEROME BURNS and MATTHEW WRIGHT conspired together to concoct a story that Plaintiff had committed various crimes, although they knew that the drugs were in fact possessed by a third party detained at the scene, who is believed to be a confidential informant ("CI").

36. This CI was arrested, but apparently released without any charges brought against him, as Plaintiff did not see the CI again during all his hours at the precinct and at Central Booking while waiting to be arraigned.

37. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about on July 17, 2014, all charges were dismissed as the People conceded that the statutory time period to prosecute had expired.

38. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid.

39. All Defendants are liable for said damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants JEROME BURNS and MATTHEW WRIGHT, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officers JEROME BURNS and MATTHEW WRIGHT for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  New York, New York
        February 26, 2016

                                  RESPECTFULLY,

                                  /s/

                                STEVEN A. HOFFNER, ESQ.
                                Attorney for the Plaintiff
                                325 Broadway, Suite 505
                                New York, New York 10007
                                Tel:     (212) 941-8330
                                Fax:    (212) 941-8137
                                (SH-0585)

## **VERIFICATION**

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       February 26, 2016

                                         _____/s/_____
                                         STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

KEVIN JOHNSON,

                                                                                                  **VERIFIED COMPLAINT**

                Plaintiff,                      **AND DEMAND FOR**
                                                                                <u>A JURY TRIAL</u>

    -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE DETECTIVE JEROME BURNS,
SHIELD #7971 AND N.Y.C. POLICE
DETECTIVE MATTHEW WRIGHT,
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                         Defendants.

-----------------------------------------------------------X


STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
Tel:   (212) 941-8330
Fax:  (212) 941-8137

10